In the Matter of VANDERVOORT H. DOWNES, an Attorney, Respondent.

First Department, November 23, 1917.

**Attorney — petition alleging misconduct in instituting suit against Trinity Church Corporation dismissed.**

Where an. attorney was retained by another attorney who furnished the facts and the law and simply joined in bringing an action attacking the title of Trinity Church Corporation to lands, and signed the petition as required by Federal Equity Rule No. 24, and the suit was unsuccessful, a petition against said attorney alleging misconduct should be dismissed, where it does not charge and there is nothing in the exhibits attached to suggest that said attorney has been engaged in the solicitation or collection of funds to carry on the litigation, and there is no proof of fraud or fraudulent intent on his part.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie [Robert W. Candler* of counsel], for the petitioner.

*Vandervoort H. Downes [George W. Alger* of counsel], respondent in person.

CLARKE, P. J.:

The respondent was admitted to the bar in 1905 at a term of the Appellate Division of the First Department and is now practicing in the First Judicial District.

The petition alleges that he has been guilty of misconduct as an attorney at law in that in May, 1915, an action was commenced in the United States District Court for the Southern District of New York against the Rector, Church Wardens and Vestrymen of Trinity Church in the City of New York; the nominal petitioner in the action was one Carl Ekman, a non-resident who claimed to sue by virtue of powers of attorney and other express authority on behalf of fifty-rour other persons. The petition in said action was signed by Ekman as petitioner, by Oliver H. Downs, an Iowa attorney, practicing in Oskaloosa, Ia., and by the respondent as attorneys for the petitioner. The respondent was obliged to sign said petition under Federal Equity Rule No. 24, which reads:

" Every bill or other pleading shall be signed individually by one or more solicitors of record, and *such signatures shall be considered as a certificate by each solicitor that he has read the pleadings so signed by him; that upon the instructions laid before him regarding the case there is good ground for the same;* that no scandalous matter is inserted in the pleadings; and that it is not interposed for delay."

The bill in substance attacks the title of Trinity Church Corporation to a very large tract of property situated in the borough of Manhattan, and a claim therein is made by the petitioners that they are heirs of Anneke Jans Bogardus and heirs of her devisees and as such are entitled to some rights in the land not definitely stated in the bill.

The courts of this State have repeatedly decided that the claims of the Anneke Jans Bogardus heirs to the Trinity Church property are invalid. In June, 1915, an order was granted, upon motion of the defendant, dismissing the aforesaid bill.

First Department, November, 1917.          [Vol. 180.

It is charged that the respondent was guilty of misconduct in bringing the aforesaid action and in certifying under Federal Equity Rule 24, hereinbefore quoted, that there were good grounds for the same when in fact he knew that the claims of his clients were groundless.

In his answer to the petition the respondent avers: That his first introduction to the subject-matter alleged in the petition herein was a call, or or about February 6, 1915, from one Oliver H. Downs, of Oskaloosa, Ia., who represented himself as a member of the Iowa bar, and stated that he desired a local representative to act with him in connection with a suit which he was then about to institute on behalf of certain persons to recover lands now held by the Trinity Church Corporation; that he had an arrangement with the attorney in fact representing the heirs, under which he was to receive twenty-five per cent of the value of the lands recovered, and agreed to pay respondent ten per cent of his share of the recovery; that respondent had previously heard, in a general and indefinite sort of way, doubtless through newspaper accounts or through common speech, that the ownership of lands held by the Trinity Church Corporation was a mooted question, but other than such bare facts, knew nothing whatever of the merits affecting the controversy of title, nor anything whatever in relation to any efforts which had theretofore been made to enforce said claim; that he had many consultations with Oliver H. Downs, who had two trunks full of documents, consisting of genealogies of the Anneke Jans Bogardus descendants, numerous certified copies of grants, etc., which he explained to respondent; that he was thoroughly impressed with his sincerity and earnestness, and was convinced, and still believes, that the descendants of said Bogardus are the rightful owners of the lands covered by said original royal grants; that he referred respondent to some of the decisions mentioned in the petition herein, and they spent much time in the discussion of what appeared to be legal obstacles. Thereafter respondent collaborated with said Downs in the preparation of the bill which was subsequently subscribed by the petitioner, Ekman, said Oliver H. Downs and himself and duly filed. Respondent admits knowledge of the existence of the equity rule requiring the

bill to be subscribed by him as one of the attorneys; that the question as to the precise effect of said rule, as therein stated, did not specifically present itself to him. This was the first and only bill he had ever filed in the Federal courts.

The respondent appeared before the grievance committee and the minutes of the proceedings there are attached to the petition. It appears that he became acquainted with Ekman on the 6th of February, 1915; that the suit was instituted on May 11, 1915; on May twenty-eighth a motion was made to dismiss the bill and this motion was granted by Judge Hough by an order entered June 2, 1915.

Respondent was retained by Downs upon a contingent fee. He asserted that he had never received a cent from any person and that he had no relations whatever with any of the efforts to obtain moneys from the alleged heirs of Anneke Jans Bogardus or any of the associations organized to collect funds for the purpose of instituting suits against Trinity Church.

The petition does not charge, and there is nothing in the exhibits attached to the petition to suggest or support a charge, that this respondent had been engaged in the solicitation of or collection of funds to carry on litigation.

We have decided in *Matter of Gridley* (179 App. Div. 621) that attempts to collect money from credulous persons for a hopeless litigation against the Trinity Church Corporation, based upon alleged claims of the heirs of Anneke Jans Bogardus, were unprofessional conduct requiring discipline. This matter is differentiated therefrom by the fact that the respondent was retained by another attorney who furnished the facts and the law, and simply joined in bringing an action. That the suit was unsuccessful does not furnish grounds for discipline. There is no proof of fraud or fraudulent intent on his part.

Under these circumstances we think the charges should be dismissed.

LAUGHLIN, SCOTT and SMITH, JJ., concurred.

Proceeding dismissed. Order to be settled on notice.